In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of the Application of CENTRAL HANOVER BANK AND TRUST COMPANY.*

Supreme Court, New York County, January 16, 1934.

*Larkin, Rathbone & Perry [Albert Stickney, Francis S. Bensel, Theodore Pearson* and *Frank H. Heiss* of counsel], for the petitioner.

*Greenbaum, Wolff & Ernst,* for George S. Van Schaick, as rehabilitator of the property of New York Title and Mortgage Company.

FRANKENTHALER, J. In disposing of the original motion the court said: " affidavits will be received upon the settlement of the order to be entered hereon as to the amount of the rents which are to be paid over to the petitioner." The petitioner now submits an affidavit stating that, although an examination has been made of the books and records of New York Title and Mortgage Company and its subsidiary, Nyamco Associates, Inc., " it is not possible for the court to ascertain and determine the sum or sums of money that should be paid to Central Hanover Bank and Trust Company

* See, also, 149 Misc. 488.

* * * without a full and complete accounting had between the parties, together with an examination of the vouchers and other data in the possession of New York Title and Mortgage Company, or its agents, covering disbursements made by them or either of them during the period of the assignment of rents agreement." Accordingly, the petitioner submits an order providing for the appointment of a referee.

The situation presented on this motion for reargument is substantially similar to that involved in an application decided simultaneously herewith (*Matter of City Bank Farmers Trust Co.*, 150 Misc. 174). For the reasons indicated in the opinion filed upon that application, the present motion is granted to the extent of (1) directing the payment to the petitioner of $34,930.33, concededly held for the petitioner in a separate account, and (2) appointing a referee to take proof and report with his opinion, with all convenient speed, (a) as to the amount collected by New York Title and Mortgage Company and the Superintendent of Insurance which the petitioner may properly claim constituted trust funds belonging to it, (b) as to the amount of such trust funds which are segregated or which may be specifically traced and identified; and (c) as to the amount of such trust funds which have been so mingled that they are incapable of being specifically traced and identified. In all other respects the motion is denied. Settle order.